UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOEL TORRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 05 C 2435 |
| v. ) | |
| ) | Judge George M. Marovich |
| ALLTOWN BUS SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Noel Torres ("Torres") filed an amended complaint against Alltown Bus Service, Inc. Torres alleges that Alltown Bus Services, Inc. violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Americans with Disabilities Act by discharging him on the basis of his age, race, color, national origin and disability. Torres also alleges that defendant illegally retaliated against him and that it subjected him to intentional infliction of emotional distress. Before the Court is defendant's motion for summary judgment. For the reasons set forth below, the Court grants in part and denies in part defendant's motion.

**I.     Background**

Before the Court discusses the facts, it reiterates the importance of complying with Local Rule 56.1. Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court.[1]  In

---

[1]The Court notes, for example, that plaintiff did not file a separate statement of additional facts, as is required by Local Rule 56.1 to the extent plaintiff wants facts outside of defendant's statement of facts considered for summary judgment purposes. To consider facts not included in

addition, where one party supports a fact with admissible evidence and the other party denies the fact without citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This, however, does not absolve defendant of its initial burden of putting forth admissible evidence to support its facts. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

The following facts are undisputed unless otherwise noted.

Defendant Alltown Bus Services, Inc. ("Alltown Bus" or "Alltown") provides bus services. During the relevant time period, Alltown Bus employed, among others, Joanne Ivory ("Ivory"). Ivory worked as Alltown's Safety Director.

Plaintiff Torres began working for Alltown Bus as a driver in September 2001. Ivory was one of the individuals who recruited Torres to Alltown Bus. They knew each other because both had previously been employed by a different bus company. Before Torres started working for Alltown, Ivory asked Torres if he had yet reached the age of 65. During his employment with Alltown, Ivory once asked Torres what his national origin was. Ivory never made any other comments about Torres's age, race or national origin.

On January 18, 2005, the bus Torres was driving made contact with a tree, and the bus was damaged. (Whether Torres crashed the bus into a tree or a tree branch came out and hit the bus is disputed, but the dispute is not relevant to this motion.)

---

a statement of facts would be unfair to the other party, because it would rob the other party of the opportunity to show such facts were controverted.

Ivory, as Safety Director, investigated Torres's January 18 incident with the tree. Torres submitted a report that Ivory did not believe to be credible (for reasons not made clear in the record). Ivory's report of the incident read:

> At approximately 5:20 pm on the above captioned date you came into the office and informed the Assistant Manager that while driving bus #647 you had been involved in a minor accident (while traveling N/B on Skokie Blvd., a car traveling in front of you made a sudden stop, you swerved to avoid the car and in doing so you hit a tree branch). Upon further investigation, it has been determined that the bus, #647, has extensive damage to the entire right side. Additionally, you have given untrue and conflicting statements to each manager that questioned you regarding this accident.
>
> Company policy clearly states that all drivers are to report all accidents/incidents at the time of occurrence. Your failure to report this accident in a timely manner as well as provide a true account of said accident is a direct violation of company policy. Therefore, your employment with Alltown Bus Service, Inc. is hereby immediately terminated and you are not eligible to be re-hired.

On the afternoon or early evening of January 19, 2008, Ivory and Torres met to discuss the incident. At their meeting, Ivory told Torres that she was terminating his employment because she believed that he had given a false report.

Alltown Bus put forth undisputed evidence that Ivory was the sole decision-maker with respect to terminating Torres's employment. Alltown also put forth undisputed evidence that it had a policy that required bus drivers to provide true and immediate reports of any accidents. Ivory had told the bus drivers of this policy at safety meetings.

After his employment was terminated, Torres filed a charge of discrimination with the Equal Employment Opportunity Commission. In his charge, Torres alleged that his employment was terminated unlawfully on the basis of his age, national origin and disability. He received a notice of right to sue. Ultimately, Torres filed this suit, claiming that his employment was terminated on the basis of his race, color and national origin in violation of Title VII of the Civil

Rights Act of 1964. He also alleges that his employment was terminated on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA") and on the basis of a disability in violation of the Americans with Disabilities Act ("ADA"). Finally, Torres asserts a claim for retaliation and a claim for intentional infliction of emotional distress.

## II. Summary Judgment Standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

### A. Torres failed to exhaust his administrative remedies with respect to his race claim.

Before bringing a claim under Title VII or the ADEA, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the appropriate state or federal agency. *Dandy v. UPS, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000). The Supreme Court has explained that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 851 (7th Cir. 2001) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

Among other procedural hurdles, a court may review only "those charges 'included in [the] EEOC charge ... or reasonably related to the allegations of the charge and growing out of such allegations.'" *Dandy*, 388 F.3d at 270 (quoting *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001)). A complaint and a charge are reasonably related if "there is a factual relationship between them." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (citing *Cheek v. Peabody Coal*, 97 F.3d 200, 202 (7th Cir. 1996)). In other words, the charge must "describe the same conduct and implicate the same individuals" as the complaint. *Ezell*, 400 F.3d at 1046.

In this case, defendant argues that Torres's Title VII claim for race discrimination is barred because he failed to include race as a basis of discrimination when he filed his charge. Defendant is correct. Torres not only failed to check the "race" box on his charge of

discrimination (he checked only the boxes for national origin, age and disability), but he also failed to mention race in his description of the alleged discriminatory conduct. Torres's race claim is outside the scope of his charge, and defendant is entitled to summary judgment on Torres's claim that he was discharged on the basis of his race.[2]

### B. Torres's disparate treatment claims.

Torres also claims that he was discharged on the basis of his color, national origin, age and disability. Pursuant to Title VII of the Civil Rights Act of 1964, it "shall be an unlawful employment practice for an employer–(1) to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a). Likewise, the Age Discrimination in Employment Act makes it "unlawful for an employer–(1) to fail or refuse to hire or to discharge any individual . . . because of such individual's age." *See* 29 U.S.C. § 623(a)(1). The Americans with Disabilities Act makes it unlawful to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

### 1. Torres fails to make out a *prima facie* case of discrimination under the ADEA and Title VII.

---

[2]As is explained in the next section, even had Torres exhausted his administrative remedies on his race claim, Alltown Bus still would be entitled to summary judgment on the race claim because Torres has failed to put forth sufficient evidence to make out a *prima facie* case of race discrimination.

A plaintiff may establish discrimination in violation of Title VII or the ADEA either by putting forth direct evidence of discrimination or by following the indirect method under *McDonnell Douglas Corp. v. Green.*, 411 U.S. 792, 802 (1973).

A statement can be "direct evidence of discriminatory intent where the statement was made around the time of *and* in reference to the adverse employment action." *Olson v. Northern FS, Inc.*, 387 F.3d 632, 635 (7th Cir. 2004) (emphasis added) (citing *Hunt v. City of Markham*, 219 F.3d 649, 652 (7th Cir. 2000)). In this case, Torres argues that he has put forth direct evidence of discrimination. Specifically, Torres argues that before he was hired to work at Alltown Bus, Ivory asked him if he had yet turned 65. After he started working for Alltown Bus, Ivory asked him what his national origin was.

These questions are not direct evidence of discrimination. Neither question was asked in reference to Torres's discharge. Furthermore, a question about one's national origin or age is not an indication that the questioner has an animus toward the answerer's national origin or age. Ivory's questions to Torres are not direct evidence of discrimination because the questions do not suggest she had an animus toward Torres's age or national origin and because they do not suggest Ivory had a discriminatory reason for her decision to discharge Torres. *See Atunus v. Perry*, __ F.3d __, 2008 WL 696908 at *4 & *6 (7th Cir. March 17, 2008) (asking an employee her nationality was not direct evidence of discrimination); *Olson*, 387 F.3d at 635 (comment was not direct evidence of discrimination because it is not "an admission by the decision-maker that his actions were based upon the prohibited animus." ) (citing *Cerutti v. BASF*, 349 F.3d 1055, 1061 (7th Cir. 2003)).

Because Torres provides no direct evidence of discrimination, he must follow the indirect method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The "burden of establishing a prima facie case of disparate treatment is not onerous." *Texas Dep't of Comm.*

*Affairs v. Burdine*, 450 U.S. 248, 253 (1981). It requires a plaintiff to show that he was "rejected under circumstances which give rise to an inference of unlawful discrimination" and the "standard is not inflexible" because facts vary in different cases. *Burdine*, 450 U.S. at 253 and n.6. To make out a *prima facie* case of discrimination in the termination context, a plaintiff must establish that (1) he is a member of a protected class; (2) he performed his job to his employer's expectations; (3) he was discharged; and (4) the employer either filled the position with a person not in the plaintiff's protected class or similarly-situated individuals outside his protected class were treated more favorably. *Jennings v. Illinois Dep't of Corrections*, 496 F.3d 764, 767 (7th Cir. 2007); *Pantoja v. American NTN Bearing Mfg. Corp.*, 495 F.3d 840, 845-846 (7th Cir. 2007). If the plaintiff makes out a *prima facie* case of discrimination, "the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its decision." *Rudin*, 420 F.3d at 724. "If the employer does articulate such a reason, then 'the plaintiff must show by a preponderance of the evidence that the employer's proffered reasons were merely a pretext for discrimination.'" *Rudin*, 420 F.3d at 724. "To do this, the employee must establish that the explanation is a lie, which permits a jury to infer that the tale has been concocted to conceal an unlawful truth. It is not enough to demonstrate that the employer was mistaken, inconsiderate, short-fused, or otherwise benighted; none of those possibilities violates federal law. Poor personnel management receives its comeuppance in the market rather than the courts." *Yindee v. CCH Inc.*, 458 F.3d 599, 602 (7th Cir. 2006) (internal citations omitted).

In this case, Torres fails to make out a *prima facie* case of discrimination. Even if the Court assumes that he has put forth evidence of the first three elements, the record is *devoid* of evidence that other, similarly-situated employees outside of his protected class were treated more favorably or that he was replaced by someone outside of his protected class. Without such evidence, plaintiff–who has the burden to come forth with admissible evidence, not allegations,

at the summary judgment stage–cannot raise an inference that the *reason* for his termination was his age, color, race or national origin.[3] His disparate treatment claims fail, and Alltown Bus is entitled to summary judgment on plaintiff's claims under Title VII and the ADEA. *Kriescher*, 384 F.3d at 916 ("Identifying similarly situated employees is an essential piece of the prima facie case, and without this evidence Kriescher's claim must fail.").

### 2. Torres does not have a disability.

Torres's claim for disparate treatment under the ADA fails for a more fundamental reason. To be protected by the ADA, a plaintiff must first establish that he is disabled within the meaning of the ADA. Plaintiff puts forth no *evidence* of a disability other than his vague allegation that he is diabetic. Having diabetes does not *per se* make one disabled within the meaning of the ADA. *Nawrot v. CPC Int'l*, 277 F.3d 896, 904 (7th Cir. 2002). Rather, plaintiff must put forth evidence that he meets the definition of disability.

The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual" or as "being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A) & (C). Major life activities are "those activities that are of central importance to daily life." *Toyota Motor Mfg. Ky, Inc. v. Williams*, 534 U.S. 184, 196 (2002). The EEOC lists as major life activities "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). Substantially in the phrase "substantially limits" means "considerable" or "to a large degree." *Toyota*, 534 U.S. at 196. The plaintiff's impairment–in its corrected state–must be so limiting, relative to someone in the general population. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 488-489 (1999); *Peters v. City of Mauston*, 311 F.3d 835, 843 (7th Cir. 2002). To establish

---

[3]Thus, even if Torres had exhausted his administrative remedies with respect to his race claim, Alltown Bus still would have been entitled to summary judgment.

that he has a disability, plaintiff must offer "evidence that the extent of the limitation [caused by his impairment] in terms of [his] own experience . . . is substantial." *Toyota*, 534 U.S. 198 (citing *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999)). Finally, a plaintiff must put forth evidence that he is so limited as of the time of the alleged discrimination, i.e., as of the time of the alleged failure to accommodate or the alleged disparate treatment. *See Burnett v. LFW Inc.*, 472 F.3d 471, 483 (7th Cir. 2006).

Here, Torres has failed to put forth sufficient evidence of his asserted disability to survive summary judgment. Torres has not put forth *any* evidence relevant to the issue of whether his diabetes caused a substantial limitation in a major life activity or whether he was regarded as having such a substantial limitation. He has failed to put forth sufficient evidence from which a jury could find in his favor on an issue for which he bears the burden of proof. Alltown Bus is entitled to summary judgment on Torres's ADA claim.

### C. Torres's retaliation claim

Torres devotes a single paragraph (and an incomprehensible paragraph at that) of his brief to his retaliation claim. Torres seems to be arguing that his discharge was the retaliatory action, in that he argues that the accident was "fictitious" and that the decision-makers had an animus toward him. Once again, the Court notes that Torres did not file a statement of facts and, thus, his assertions with respect to his retaliation claim are not supported by evidence. Even had Torres put forth *evidence*, the evidence would not make out a claim for retaliation.

The essence of a retaliation claim is that the plaintiff engages in some form of protected conduct and *then* the employer subjects the plaintiff to the sort of action that would dissuade a reasonable person from having engaged in the protected conduct. *See Burlington Northern & Santa Fe Rwy. Co. v. White*, 126 S.Ct. 2405, 2415 (2006) (for purposes of Title VII's anti-retaliation provision, an adverse employment action is a materially adverse action which would

have "dissuaded a reasonable worker from making or supporting a charge of discrimination.");
*Pantoja v. American NTN Bearing Mfg. Corp.*, 495 F.3d 840, 848 (7th Cir. 2007) (Direct evidence of retaliation is evidence "that [plaintiff] engaged in protected activity (filing a charge of discrimination) and as a result suffered the adverse employment action of which he complains."). Here, the cart is before the horse. Torres's protected conduct was filing a charge of discrimination with the EEOC. The alleged retaliatory conduct he describes in his brief occurred *before* he engaged in the protected conduct. One cannot retaliate against someone for conduct in which he has yet to engage. Torres has failed to put forth sufficient evidence from which a reasonable jury could find in his favor on his retaliation claim, and Alltown Bus is entitled to judgment as a matter of law. The Court grants Alltown Bus summary judgment on Torres's retaliation claim.

### D. Torres's claim for intentional infliction of emotional distress

Finally, Torres asserts that defendant subjected him to intentional infliction of emotional distress. The Court's jurisdiction over this state-law claim is supplemental. Per the usual practice, the Court exercises its discretion to dismiss the state claim without prejudice because it has disposed of the only claims over which it had subject matter jurisdiction. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.").

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendant's motion for summary judgment. The Court grants defendant summary judgment with respect to

all of plaintiff's claims under the Americans with Disabilities Act, the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964.  The Court denies defendant's motion for summary judgment with respect to plaintiff's claim for intentional infliction of emotional distress.  The claim for intentional infliction of emotional distress is dismissed without prejudice.  Case closed.

ENTER:

George M. Marovich
United States District Judge

DATED: April 28, 2008